UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PLAIN & ASSOCIATES, ET AL.

VERSUS

GEOVERA SPECIALTY
INSURANCE COMPANY

CIVIL ACTION

NO. 23-815-JWD-EWD

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss with Prejudice* (Doc. 33) ("*Motion to Dismiss*") filed by Defendant GeoVera Specialty Insurance Company ("Defendant GeoVera"). Defendant GeoVera seeks dismissal "pursuant to the Federal Rules of Civil Procedure 41(b) and the Court's inherent authority to manage its own docket[,]" arguing that Plaintiffs Plain and Associations LLC, Plain and Associates, and Kendall Plain ("Plaintiff"[1]) have "continuously failed to comply with discovery." (Doc. 33 at 1.) Plaintiff Kendall Plain filed a *Plaintiffs' Memorandum in Opposition to Defendant's Motion for Dismissal* (Doc. 38) ("*Pl. Opposition*"), and Defendant filed *GeoVera's Reply to Plaintiffs' Response and Memorandum in Opposition to Defendant's Motion to Dismiss with Prejudice* (Doc. 40) ("*Def. Reply*"). The Court denies the *Motion to Dismiss*; however, it imposes sanctions on Plaintiff and cautions Plaintiff to comply with all discovery requirements and Court orders.

**I.  BACKGROUND**

This case arises out of an insurance claim in the wake of Hurricane Ida. (Doc. 1 at ¶¶ 8–10.) Plaintiff Plain and Associates, LLC, is a limited liability company with the sole member Plaintiff Kendall Plain. (*Id.* at ¶ 1.) Likewise, Plaintiff Plain and Associates is a company with the

---

[1] Given that the corporate Plaintiffs consist only of Plaintiff Kendall Plain, the Court will, for simplicity, refer to all Plaintiffs as merely "Plaintiff."

1

sole member Plaintiff Kendall Plain. (*Id.* at ¶ 2.) Plaintiff filed this suit on August 24, 2023. (*See* Doc. 1).

Defendant GeoVera claims that on April 13, 2023, Plaintiff provided the initial notice of loss to Defendant GeoVera, which scheduled an inspection of the property with Plaintiff's representative for April 20, 2023. (Doc. 33-1 at 1.) Despite this arrangement, Defendants assert, no one was present at the property when the adjuster arrived. (*Id.*) Upon calling Plaintiff's representative, the inspection was rescheduled for April 24, 2023. (*Id.*) When the adjuster arrived, "the tenant who was living at the property did not allow the adjuster access to the interior[]" despite Plaintiff's representative informing GeoVera that the property had suffered both roof damage and water damage to the interior. (*Id.* at 1–2.)

Nearly a month later, "[o]n May 20, 2024, Defense counsel reached out to Plaintiff's counsel" to schedule the initial inspection of the home. (*Id.* at 2.) Although Defense counsel informed Plaintiff's counsel that the adjuster would be available from May 22, 2024, through the month of June 2024, Plaintiff's counsel stated that Plaintiff was not available during this period. (*Id.*) Due to the impending expert report deadline, Defendant then filed an *Unopposed Motion to Continue Expert Report Exchange Deadline*, (Doc. 22), seeking an additional month for the adjuster's inspection and report. (Doc. 33-1 at 2.) The Court granted the motion on May 30, 2024. (Doc. 23.) On June 21, 2024, Plaintiff's counsel informed Defendant GeoVera that the home would be available for inspection on July 19 and 20, 2024. (Doc. 33-1 at 2.) Defendant GeoVera confirmed July 19, 2024, but it claims that it never received a response confirming the time of the inspection or indeed the date. (*Id.* at 2–3.) The attorneys set a Rule 37 Meet and Confer, during which "Plaintiffs' counsel stated that he could not get in touch with his client to confirm the availability of the property for inspection." (*Id.* at 3.) Consequently, Defendant GeoVera sought a

2

second *Motion to Continue Expert Report Deadline*, (Doc. 24), which the Court granted on June 27, 2024. (Doc. 27.)

Defendant also filed a Motion to Compel on July 5, 2024, (Doc. 28). The Magistrate Judge held a status conference by telephone, at which it reminded the parties of their obligations to participate in the discovery process. (Doc. 30 at 2.) The Court reminded them that the "[f]ailure to do so can result in sanctions up to and including dismissal of claims or defenses under Fed. R. Civ. Proc. 37." (*Id.*) The Court then ordered Plaintiff to permit inspection of the property by no later than July 31, 2024, or face possible sanctions. (*Id.* at 2–3.) The Court then terminated the *Motion to Compel* as moot. (*Id.* at 3.) Plaintiff made the home available for inspection on July 19, 2024. (Doc. 33-1 at 3.)

In addition, Defendant GeoVera claims that it has been attempting to take the deposition of Plaintiff Plain "both in his individual capacity, and in his capacity as representative of Plain & Associates, LLC and Plain and Associates." (*Id.*) Defendant states that it requested Plaintiff's availability for a deposition on May 7, 2024, and the parties agreed on June 7, 2024; after a scheduling conflict, however, the parties rescheduled for June 26, 2024. (*Id.*) From May 24, 2024, through June 25, 2024, "Plaintiff's counsel was continuously unable to get in touch with his client to confirm his availability on that date." (*Id.*) On June 25, 2024, Plaintiff informed his counsel that he was unavailable for a deposition on June 26. (*Id.* at 3–4.) Although a deposition of Plaintiff's personal assistant was taken on June 26, Plaintiff did not provide any information as to his availability for an upcoming deposition. (*Id.* at 4.) Defendant then subpoenaed Plaintiff for July 26, 2024. (*Id.*) Plaintiff again "informed his counsel just prior to the scheduled deposition that he would be unavailable[,]" and he sought a delay to August 30, 2024. (*Id.*) Defendant GeoVera "declined Mr. Plain's requested delay, and informed Plaintiffs' counsel's legal assistant that

3

GeoVera intended to go forward with the deposition as scheduled." (*Id.*) Plaintiff was not present at the deposition, and a certificate of non-appearance was taken. (*Id.*)

## II.  PARTIES' ARGUMENTS

Defendant points to Rule 41(b) of the Federal Rules of Civil Procedure, arguing that the Court may dismiss a plaintiff's claims if the plaintiff fails to prosecute its case, comply with the Federal Rules, or comply with a court order. (*Id.*) Defendant argues that the Court has inherent authority to dismiss claims or an entire lawsuit under Rule 41(b), which acts as an adjudication on the merits unless the Court states otherwise. (*Id.* at 5.) Defendant acknowledges that this is seen as the most severe sanction a court can impose, which should be granted only when there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions will be ineffective to serve the interests of justice. (*Id.* at 5–6.)

Defendant argues that Plaintiff's actions throughout the discovery process are sufficient for a finding of contumacious conduct. (*Id.* at 6–7.) They point to *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985), arguing that Plaintiff has presented all three aggravating factors the Fifth Circuit considers in such cases: behavior attributable to Plaintiff, rather than his attorneys; actual prejudice to Defendant GeoVera; and delays caused by intentional conduct. (*Id.* at 7–8.)

As a result, Defendant argues for dismissal with prejudice.

Plaintiff opposes the *Motion to Dismiss*, arguing that despite "the difficulties [Defendant] has encountered in discovery," Defendant is not entitled to dismissal "[b]ased on the relevant background and the case law related to this issue[.]" (Doc. 38 at 1.) Plaintiff argues that he "has timely responded to written discovery[,]" "provided an inspection date for the property and the property was inspected[,]" and "[a]t no time has [he] refused to submit for a deposition" or "refused

4

to offer dates for the taking of the deposition." (*Id.* at 2.) Instead, Plaintiff asserts, "[t]here has simply been a small modicum of difficulty in getting dates that work for all the necessary parties and their counsel." (*Id.*)

Plaintiff argues that there are a limited set of circumstances in which courts have granted Rule 41(b) involuntary dismissals, none of which are analogous to this case. (*Id.* at 3.) He points to cases where a) a court refused to allow a plaintiff to add additional claims or parties, *Wilson v. Birnberg*, 569 F. App'x 343, 346–48 (5th Cir. 2014); b) a plaintiff's counsel failed to appear at a pretrial conference, leading the district court to dismiss the action, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); c) a court dismissed an action after a plaintiff failed to respond to a motion for summary judgment, *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997); d) the Fifth circuit found that dismissal was not an appropriate sanction due to delay on the part of both parties and due to the district court's failure to consider less severe sanctions, *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982); e) the district court dismissed the case after the plaintiff failed to respond to court orders, *Callip*, 757 F.2d at 1519; f) the Fifth Circuit reversed a dismissal because it did not meet the level of "contumacious indifference" required, *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976); and h) the Fifth Circuit instructed a district court that a sanction other than dismissal with prejudice was appropriate for failure to observe a filing deadline, *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980). (*Id.* at 3–6.)

Plaintiff argues that none of these cases provide an example of a court dismissing a case under Rule 41(b) for "difficulties getting a deposition date from the Plaintiff." (*Id.* at 6.) He argues that unlike the plaintiffs in many of these cases, he has complied with all rules and orders from the Court. (*Id.*) Furthermore, Plaintiff asserts that even had he not, the Fifth Circuit has urged district courts to consider lesser sanctions for failures to comply with court orders prior to dismissal. (*Id.*)

5

Plaintiff argues that unlike Defendant, he has never requested a continuance in this matter. (*Id.* at 7.) He states that "Defendant has the option of requesting a motion to compel deposition dates if it feels that Plaintiff is not being cooperative[,]" and he points to his compliance with this Court's order to provide an inspection date. (*Id.*) This, Plaintiff argues, shows that he does not demonstrate the contumaciousness or the resistance to authority necessary for dismissal under Rule 41(b). (*Id.*)

Defendant replies that Plaintiff downplays the severity of his actions. (Doc. 40 at 1.) It argues that Plaintiff's "delay tactics have forced GeoVera to reschedule the required inspection three (3) times, file two (2) Motions to Continue, set a formal Meet & Confer with Plaintiffs' counsel . . . , and file a Motion to Compel Inspection." (*Id.* at 2.) It asserts that it took the threat of dismissal from the Magistrate Judge to ensure Plaintiff's cooperation with the property inspection, "nearly three (3) years after the date of loss." (*Id.*) Defendant points again to the difficulties in arranging a deposition, particularly Plaintiff's lack of communication and failure to appear for his deposition. (*Id.*)

Defendant argues that Plaintiff cites "irrelevant and outdated case law that appears to be copied directly from Westlaw." (*Id.*) Defendant specifically points to *Wilson*, 569 F. App'x 343, and *Martinez*, 104 F.3d 769, as irrelevant to the case at hand. (*Id.* at 3.) On the other hand, Defendant argues that *Callip*, 757 F.2d 1513, is relevant—but that Plaintiff fails to address "any of the aggravating factors which serve as the focal point of its effectiveness as persuasive case law[,]" instead "downplay[ing] the severity of their refusal to cooperate[.]" (*Id.*)

Defendant notes Plaintiff's suggestion of additional motions to compel but argues that "it is not an effective use of judicial resources to ask the Court to serve as an enforcement tool to ensure that the Plaintiffs do what they are statutor[ily] required to do, in a lawsuit they filed." (*Id.*)

6

Defendant reiterates its argument that Plaintiff's conduct meets the three aggravating factors outlined in *Callip* and urges the Court to dismiss Plaintiff's claims. (*Id.* at 3–4.)

### III. LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). It further states that with the exception of dismissals for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, dismissals under Rule 41(b) act as adjudications on the merits. *Id.*

### IV. ANALYSIS

The Fifth Circuit has repeatedly "recognize[d] that dismissal with prejudice is a severe sanction" and "limit[ed] a district court's discretion to dismiss a case with prejudice." *Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (citing *Berry v. Cignarsi-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Callip*, 757 F.2d at 1519). The Fifth Circuit "'will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.'" *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191). In addition, when affirming a dismissal with prejudice, the Fifth Circuit generally requires a finding of "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Berry*, 975 F.2d at 1191 (internal quotations omitted)).

First, the Court looks at the record of delay or contumacious conduct by Plaintiff. As Defendant notes, the majority of delays in this case have apparently been caused by Plaintiff, rather

7

than his counsel. (*See* Doc. 33-5 at 2; Doc. 33-6 at 1; Doc. 33-10 at 8; Doc. 33-13 at 2; Doc. 33-14 at 2; Doc. 33-15 at 2; Doc. 33-17 at 3.) However, the Fifth Circuit has noted that in some cases, it may be "far from obvious that the amount of time elapsed [] is sufficient to constitute a 'clear record of delay'"—distinguishing a case with "a mere 45-day delay" from cases with delays of "almost a full year" or "multi-year delays[.]" *Id.* (citing *Rogers*, 669 F.2d at 320–21; *cf. Price*, 792 F.2d at 474–75 (holding that "a ten-month period of inaction" in combination with a failure to appear was sufficient to show delay).)

Here, Defendant first alleges that Plaintiff delayed in allowing an initial inspection of the property. (Doc. 33-1 at 1–2.) Defendant alleges that no one was present at the first attempted inspection on April 20, 2023, and that the tenant would not permit an interior inspection on April 24, 2023. (*Id.*) Defendant then claims that it reached out to arrange an inspection on May 20, 2024; it does not claim that this delay of approximately thirteen months was due to Plaintiff's actions. (*Id.* at 2.) Defendant does claim that Plaintiff was unavailable for an inspection on any of the dates offered, from May 22, 2024, through June 30, 2024. (*Id.*) Defendant alleges that Plaintiff did not make the property available for inspection until July 19, 2024, after the Court ordered Plaintiff to make the property available for inspection. (*Id.* at 2–3; Doc. 30 at 2.) This delay of approximately two months was attributable to Plaintiff.

Likewise, Defendant alleges that Plaintiff delayed in allowing his deposition to be taken. Defendant alleges that the parties initially agreed on June 7, 2024, as the date for Plaintiff's deposition; however, due to scheduling conflicts on the part of the attorneys for both parties, the deposition was rescheduled for June 26, 2024. (*Id.* at 3; Doc. 33-13 at 3–4.) Plaintiff did not communicate his unavailability until June 25, 2024. (Doc. 33-1 at 3–4.) He did not provide an alternate available date and was subpoenaed for July 26, 2025; just prior to this subpoena, he

8

informed counsel of his unavailability and sought an extension until August 30, 2024. (*Id.* at 4.) Defendant declined to reschedule, Plaintiff failed to appear, and a certificate of non-appearance was taken. (*Id.*; *see* Doc. 33-17 at 2; Doc. 33-18; Doc. 33-19.) This delay of approximately two months is likewise attributable to Plaintiff.

A delay of approximately four months directly attributable to Plaintiff, while significant, is not on its own sufficient to trigger a Rule 41(b) dismissal. The Fifth Circuit has upheld Rule 41(b) dismissals upon records of multiple years of delay, or upon records of intentional conduct by plaintiffs, or both. *Rogers*, 669 F.2d at 320 (collecting cases).

Next, the Court looks at whether Plaintiff's conduct is sufficient to show contumaciousness. *Id.* The Fifth Circuit has previously found that "contumacious conduct was evidenced by failure to submit any explanation[,]" *Alvarado v. BP Expl. & Prod., Inc.*, 988 F.3d 192, 199 n.21 (5th Cir. 2021) (citing *Graham v. BP Expl. & Prod.*, 922 F.3d 660, 665 (5th Cir. 2019)); by a complete disregard for the district court's rules and orders, *Pennie v. Giorgi*, 841 F. App'x 655, 659 (5th Cir. 2021); and by "noncompliance with two or three orders or rules of the district court," *Callip*, 757 F.2d at 1521. Indeed, the appellate court has said that "[c]ontumacious conduct is that which goes beyond mere negligence and evinces 'stubborn resistance to authority.'" *Webb v. Morella*, 457 F. App'x 448, 453 (5th Cir. 2012) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks and citation omitted)). Indeed, the Fifth Circuit has cautioned district courts that "conduct that is 'careless, inconsiderate, and understandably exasperating to a conscientious trial judge' is not necessarily contumacious." *Id.* (quoting *John v. Louisiana*, 828 F.2d 1129, 1131-32 (5th Cir. 1987)).

Plaintiff has given an explanation for his failure to respond to Defendant's requests to schedule the property inspection and deposition—he claims that due to his "great deal of litigation

9

regarding the properties and the damages occasioned by Hurricane Ida[,]" he has "difficulty scheduling events due to a scarcity of time that has caused [him] some delay in providing available dates." (Doc. 38-1 at ¶ 11.) Plaintiff's conduct here is undoubtedly careless of his own claims and inconsiderate to both his counsel and opposing counsel. However, it has not—yet—reached the level of resistance to authority to warrant a finding of contumacious conduct. Plaintiff has complied when the Court ordered the examination of his property, and Defendant has not alleged that Plaintiff has defied any other orders from this Court. (Doc. 33-1 at 3; *see* Doc. 30 at 2.) However, Plaintiff is cautioned that if he continues to engage in behavior such as failing to appear for depositions, the Court will consider a finding of contumaciousness in the future.

As a further point of caution, the Court notes that at least one of the aggravating factors necessary for a dismissal with prejudice—delay caused by Plaintiff, rather than his attorneys—is present in this case. (*See* Doc. 33-5 at 2; Doc. 33-6 at 1; Doc. 33-10 at 8; Doc. 33-13 at 2; Doc. 33-14 at 2; Doc. 33-15 at 2; Doc. 33-17 at 3.) *See Campbell*, 988 F.3d at 802. Although this does not yet meet the "egregious and sometimes outrageous delay[s]" necessary for a Rule 41(b) dismissal, *Rogers*, 669 F.2d at 321, the Court warns Plaintiff to be mindful of all future deadlines to avoid future delays.

Finally, the Court has not yet "either 'employed lesser sanctions that proved to be futile' or 'expressly determined that lesser sanctions would not prompt diligent prosecution.'" *Campbell*, 988 F.3d at 802 (quoting *Berry*, 975 F.2d at 1191.) The Court therefore finds that lesser sanctions are appropriate, including reasonable attorney's fees for the deposition that Plaintiff did not attend on July 26, 2024. Fed. R. Civ. P. 37(b)(2)(B). *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 n.8 (1991) (noting that the imposition of sanctions *sua sponte* for failure to cooperate with discovery

is generally within a Court's inherent power). The Court refers the imposition and enforcement of appropriate sanctions to the Magistrate Judge.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss with Prejudice* (Doc. 33) filed by Defendant GeoVera Specialty Insurance Company is **DENIED**. However, Plaintiff is ordered to comply with the sanctions imposed by the Court, as well as with all discovery requirements, Court orders, and rules. Plaintiff is reminded that if he fails to comply with Court orders and rules, this action will be dismissed pursuant to Rule 41(b). Defendant is instructed to inform the Court if Plaintiff fails to comply with any future discovery obligations, Court orders, or rules.

The Court refers the matter of discovery sanctions to the Magistrate Judge for the imposition and enforcement of sanctions she deems appropriate.

Signed in Baton Rouge, Louisiana, on <u>February 11, 2025</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**